# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Jodi Farrell-Canizaro, Kelly Sullivan</u>
 Plaintiff
            vs.
<u>BJ's Wholesale Club, Inc.</u>
Defendant

**II.     TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999
   ☐ Non-homestead residential foreclosure $250,00 or more

☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☒ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

<u>1</u>

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☒ Yes
- ☐ No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Dion J. Cassata</u>       FL Bar No.: <u>672564</u>
      Attorney or party                                                           (Bar number, if attorney)

<u>Dion J. Cassata</u>          <u>09/19/2016</u>
    (Type or print name)                                    Date

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

JODI FARRELL-CANIZARO
and KELLY SULLIVAN,
on behalf of themselves and others similarly situated,

      Plaintiffs,                               Case No.:

v.

BJ'S WHOLESALE CLUB, INC.,
a foreign profit corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JODI FARRELL-CANIZARO and KELLY SULLIVAN, (collectively, the "Named Plaintiffs"), by and through their undersigned counsel, hereby file the instant action against Defendant BJ'S WHOLESALE CLUB, INC., a foreign profit corporation, (hereinafter "BJ's" or "Defendant"), on behalf of themselves and other similarly situated employees and former employees of Defendant on a proposed collective class-wide basis to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act of 1938, as amended 29 U.S.C §201 *et seq.*, (hereinafter the "FLSA"), and in support thereof, state:

## INTRODUCTION

1.     This is an action brought against Defendant pursuant to the FLSA and 29 U.S.C § 216(b) as a proposed collective action and seeks to recover unpaid wages, unpaid overtime wages, liquidated damages, declaratory relief and reasonable attorneys' fees and costs on behalf of the Named Plaintiffs, who allege on behalf of themselves and other similarly situated current and former "mid-level managers" who worked for the Defendant within the three (3) years preceding the filing of this action (including but not limited to Loss Prevention Managers, Membership Acquisition and

1

Retention Managers, Bakery Managers, Perishable Managers, store Human Resources Managers, Asset Control Managers, Receiving Managers and other mid-manager positions) who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant for all overtime hours worked by them, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION

2.      The Court has jurisdiction of this action pursuant to 29 U.S.C. § 216(b).

## CONDITIONS PRECEDENT

3.      The Named Plaintiffs have each individually complied with all conditions precedent in this case, or such conditions have been waived. The Named Plaintiffs have also otherwise satisfied all administrative prerequisites for all claims for relief asserted herein and for the Court's assumption of jurisdiction over all claims.

## PARTIES

4.      The Named Plaintiffs and those similarly situated to them are adult individuals and U.S. citizens/ legal residents who are current or former "mid-level" or "mid-manager" store employees of Defendant and who worked for Defendant and any predecessor(s) in interest at its retail locations within the United States and intend this action to include each and every similarly situated employee who worked for Defendant within the three (3) years preceding the filing of the instant action.

5.      Defendant BJ's Wholesale Club, Inc. is a Massachusetts-based retailer which owns and operates over 185 retail consumer membership-only warehouse "clubs" or "superstores" in Florida and numerous other states. At all times relevant and currently Defendant conducts

substantial business in, among other locations, Broward County, Florida and is therefore, within the jurisdiction of this Court.

6.      At all times relevant Defendant constituted and is an "employer" within the meaning of the FLSA and was the employer of Named Plaintiffs and other similarly situated mid-managers in the various states in which they work, including Florida. At all times relevant Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. 203 (r) and (s), and the annual gross sales volume of Defendant was at all times relevant in excess of $500,000.00.

7.      During all times relevant to this action, Named Plaintiffs and those similarly situated to them who may later opt into this action were engaged in interstate commerce and were "employees" within the meaning of the FLSA and pursuant to 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

8.      Plaintiff JODI FARRELL-CANIZARO is an adult individual who currently resides and at all times relevant has resided within Broward County, Florida. She worked for Defendant at its retail store located at 5100 NW 9th Avenue, Fort Lauderdale, FL 33309 from approximately May, 2008 until early September, 2016. During the three (3) years preceding the filing of this action, she held the job titles of "Human Resources Manager," "Loss Prevention Manager" and "Assets Control Manager" or "Receiving Manager."

10.      Plaintiff KELLY SULLIVAN is an adult individual who currently resides and at all times relevant has resided within Broward County, Florida.  She also worked for Defendant for approximately 13 years, from roughly May, 2003 until about April, 2016.  During the three (3) years preceding the filing of this action, she worked at Defendant's retail store located at 5100 NW 9th Avenue, Fort Lauderdale, FL 33309, and held the job title of "Bakery Manager."

3

11. In these positions, Named Plaintiffs routinely worked 55-60 hours a week, or more, though they were not paid for any of the overtime hours they worked.

12. While the Named Plaintiffs' job titles contained the label "manager," Named Plaintiffs' job duties overwhelmingly consisted of "non-exempt" work under the FLSA, including but not limited to the following tasks:

- working as a cashier;

- greeting and assisting customers and general customer service;

- stocking, culling and monitoring inventory;

- unloading trucks;

- gathering shopping carts and boxes for customers;

- cleaning floors, shelves, counters, equipment and bathrooms;

13. The work performed by Named Plaintiffs and the members of the class proposed did not include significant managerial responsibilities or exercise of independent judgment, involved very little actual supervisory duties, and required little skill and no capital investment.

14. The Named Plaintiffs were classified as FLSA exempt employees and were paid a salary throughout their employment with Defendant.

15. Defendant employed hundreds and perhaps over 1,000 other similarly situated employees nationwide at BJ's locations managed by Defendant whose job duties were similar to those of the Named Plaintiffs and who were also classified as exempt and compensated in a similar manner as Named Plaintiffs.

16. During their employment, Defendant failed to properly pay Named Plaintiffs and all other similarly situated employees proper overtime compensation.

17. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Named Plaintiff and other similarly

4

situated employees, are in the possession and custody of Defendant.

18.    Named Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf and on behalf of all other similarly situated employees, and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

19.    Named Plaintiffs will be entitled to their reasonable attorneys' fees and costs if they are prevailing parties in this action.

## COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiff and the class members were all "mid-managers" employed by Defendant, and performed the same or similar job duties as one another.

21.    Plaintiff and the class members were subjected to the same pay provisions in that they were all salaried, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.  Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

22.    Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that Mid-Managers were paid for overtime hours worked based on the Defendant's erroneous misclassification of its Mid-Managers employees as exempt from overtime.

23.    This policy or practice was applicable to Named Plaintiffs and the proposed class members.   Application of this policy or practice did not depend on the personal circumstances of Named Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applied to all class members.   Accordingly, the class members are properly defined as:

> **All Salaried "Mid-Managers" who worked for Defendant nationwide at any point during the three (3) years preceding the filing of the instant action and who were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in one or more workweeks.**

5

24.     Defendant knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay overtime compensation with respect to named Plaintiffs and the proposed class members.

25.     Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

26.     During the relevant period, Defendant violated § 7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

27.     Defendant has acted willfully in failing to pay Named Plaintiffs and the class members in accordance with the law.

28.     Defendant failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law for the time period relevant to this action.

29.     Named Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf and on behalf of all other similarly situated employees, and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

30.     Undersigned counsel will be entitled to recover reasonable attorneys' fees and costs if either Named Plaintiffs and/or any other similarly situated employees prevail in this action.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

31.     The Named Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-30 above.

32.     Named Plaintiffs and those similarly situated employees are/were entitled to be paid

time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

33.     During their employment with Defendant, Named Plaintiffs and those similarly situated employees were not paid complete and proper overtime compensation as a result of Defendant's erroneous classification of Named Plaintiffs and all of its Mid-manager employees as exempt from the FLSA's overtime requirements and resultant failure to pay Named Plaintiffs and those similarly situated employees proper overtime premium pay for all overtime hours worked.

34.     Defendant did not have a good faith basis for its failure to pay Named Plaintiffs and those similarly situated employees proper overtime premium pay for all overtime hours worked.

35.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Named Plaintiffs and those similarly situated employees complete overtime compensation, Named Plaintiff and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

36.     As a result of Defendant's willful violation of the FLSA, Named Plaintiffs and those similarly situated employees are entitled to recover liquidated damages.


**WHEREFORE,** Named Plaintiffs JODI FARRELL-CANIZARO and KELLY SULLIVAN, on behalf of themselves and those similarly situated, demand judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b), and any and all further relief that this Court determines to be just and appropriate.


## **JURY DEMAND**

Plaintiffs hereby demand trial by jury on all issues so triable as of right.

**DATED:**     September 19, 2016              Respectfully filed,
              Boca Raton, Florida


                                    BY:    s/Dion J. Cassata
                                           Dion J. Cassata
                                           Fla. Bar No. 672564
                                           *dion@cassatalaw.com*


                                    CASSATA LAW, P.A.
                                    Boca Crown Centre
                                    7999 North Federal Highway, Suite 200
                                    Boca Raton, Florida 33487

                                    Telephone:     (954) 364-7803
                                    Facsimile:     (954) 251-4787

                                    *Counsel for Named Plaintiffs and the Collective*

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JODI FARRELL-CANIZARO
and KELLY SULLIVAN,

      Plaintiffs,                       Case No.:

v.

BJ'S WHOLESALE CLUB, INC.,
a foreign profit corporation,

      Defendant.

_____/

## SUMMONS - PERSONAL SERVICE ON A COMPANY

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the defendant named below:

                        **BJ's Wholesale Club, Inc.**

**Registered Agent:**       **CT Corporation System**
                         **1200 S. Pine Island Road**
                         **Plantation, FL 33324**

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the attorney for petitioner named below.

1

**Dion Cassata, Esq.**
**Cassata Law, P.A.**
**7999 North Federal Highway, Suite 200**
**Boca Raton, Florida 33487**

**Telephone:   (954) 364-7803**
*dion@cassatalaw.com*
**Florida Bar No. 672564**

CLERK OF THE COURT

(SEAL)

By:

_____

Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in the Office of the Court Administrator; Cheryl Anderson, Broward County Courthouse, 201 SE 6th Street, Room 880, Fort Lauderdale, FL 33301; (954) 831-7721; within 2 working days of receipt of this (describe notice); if you are hearing or voice impaired, call 711.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

JODI FARRELL-CANIZARO
and KELLY SULLIVAN,
on behalf of themselves
and others similarly situated,

       Plaintiffs,                            Case No.: CACE-16-017263 (25)
                                                 Hon. Carol-Lisa Philips

v.

BJ'S WHOLESALE CLUB, INC.,
a foreign profit corporation,

       Defendant.
_____/

**PLAINTIFF'S NOTICE OF DEFENDANT'S
ACCEPTANCE OF SERVICE OF PROCESS**

       Plaintiffs, through their undersigned counsel, hereby provide notice to the Court that

Defendant, through its counsel M. Amy Carlin, Esq. of Morgan, Brown & Joy, LLP, has

agreed to accept service of the Original Complaint as of Monday, October 17, 2016.

       <u>All parties are in agreement that, per the Florida Rules of Civil Procedure, Defendant

is now due to plead or otherwise respond to the Original Complaint on or before Monday,

November 7, 2016.</u>

**DATED:**     October 20, 2016       Respectfully filed,
                Boca Raton, Florida

                                  BY:  <u>s/Dion J. Cassata</u>
                                        Dion J. Cassata
                                        Fla. Bar No. 672564
                                        *dion@cassatalaw.com*

1

CASSATA LAW, P.A.
Boca Crown Centre
7999 North Federal Highway, Suite 200
Boca Raton, Florida 33487

Telephone:        (954) 364-7803
Facsimile:        (954) 251-4787

_Counsel for Named Plaintiffs and the Collective_

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

JODI FARRELL-CANIZARO
and KELLY SULLIVAN,
on behalf of themselves and others similarly situated,

        Plaintiffs,                           Case No.: CACE-16-017263
                                              Hon. Carol-Lisa Philips

v.

BJ'S WHOLESALE CLUB, INC.,
a foreign profit corporation,

        Defendant.

_____/

**NOTICE OF FILING CONSENTS TO JOIN OF PLAINTIFFS
JODI FARRELL-CANIZARO, KELLY SULLIVAN and TARA BISAILLON**

Plaintiffs, JODI FARRELL-CANIZARO, KELLY SULLIVAN and TARA

BISAILLON hereby serve notice of filing their respective Consents to Join in this action.

**DATED:**        October 4, 2016        Respectfully filed,
                        Boca Raton, Florida

                                   BY:   s/Dion J. Cassata
                                         Dion J. Cassata
                                         Fla. Bar No. 672564
                                         *dion@cassatalaw.com*

                                   CASSATA LAW, P.A.
                                   Boca Crown Centre
                                   7999 North Federal Highway, Suite 200
                                   Boca Raton, Florida 33487

                                   Telephone:     (954) 364-7803
                                   Facsimile:      (954) 251-4787

                                   *Counsel for Named Plaintiffs and the Collective*

1

## CONSENT TO JOIN LAWSUIT

1.     I consent to be a party-plaintiff in this civil action against BJ's Wholesale Club, Inc., which I understand is a lawsuit against the Defendant(s) to recover alleged unpaid overtime wages and other damages and relief available under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* ("FLSA").

2.     I hereby designate the law firms of CASSATA LAW, P.A. to represent me in this action and to make decisions on my behalf concerning the litigation and settlement of my claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or any other potentially liable parties, and for this Consent Form to be filed in any such action(s).

_Kelly Sullivan_
Full Name (Print)

_Signature_          _9/3/2016_
Signature            Date

## CONSENT TO JOIN LAWSUIT

1.      I consent to be a party-plaintiff in this civil action against BJ's Wholesale Club, Inc., which I understand is a lawsuit against the Defendant(s) to recover alleged unpaid overtime wages and other damages and relief available under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      I hereby designate the law firms of CASSATA LAW, P.A. to represent me in this action and to make decisions on my behalf concerning the litigation and settlement of my claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or any other potentially liable parties, and for this Consent Form to be filed in any such action(s).


_Jodi Farrell-Canizaro_
Full Name (Print)


_[signature]_
Signature

_9-8-16_
Date

## CONSENT TO JOIN LAWSUIT

1.      I consent to be a party-plaintiff in this civil action against BJ's Wholesale Club, Inc., which I understand is a lawsuit against the Defendant(s) to recover alleged unpaid overtime wages and other damages and relief available under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      I hereby designate the law firms of CASSATA LAW, P.A. to represent me in this action and to make decisions on my behalf concerning the litigation and settlement of my claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or any other potentially liable parties, and for this Consent Form to be filed in any such action(s).


Tara Bisaillon
_____
Full Name (Print)


_____        10-3-2016
Signature                                                        Date

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

JODI FARRELL-CANIZARO
and KELLY SULLIVAN,
on behalf of themselves and others similarly situated,

      Plaintiffs,                         Case No.: CACE-16-017263 (25)
                                              Hon. Carol-Lisa Philips

v.

BJ'S WHOLESALE CLUB, INC.,
a foreign profit corporation,

      Defendant.

_____/

**NOTICE OF FILING CONSENT TO JOIN
OF OPT-IN PLAINTIFF YOLANDA BERRY**

      Opt-in Plaintiff, YOLANDA BERRY, hereby serves notice of filing her Consent

to Join in this action.

**DATED:**      October 13, 2016      Respectfully filed,
                  Boca Raton, Florida

                                  BY:  s/Dion J. Cassata
                                          Dion J. Cassata
                                          Fla. Bar No. 672564
                                          *dion@cassatalaw.com*

                                  CASSATA LAW, P.A.
                                  Boca Crown Centre
                                  7999 North Federal Highway, Suite 200
                                  Boca Raton, Florida 33487

                                  Telephone:      (954) 364-7803
                                  Facsimile:       (954) 251-4787

                                  *Counsel for Named Plaintiffs and the Collective*

1

## CONSENT TO JOIN LAWSUIT

1.      I consent to be a party-plaintiff in this civil action against BJ's Wholesale Club, Inc., which I understand is a lawsuit against the Defendant(s) to recover alleged unpaid overtime wages and other damages and relief available under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      I hereby designate the law firms of CASSATA LAW, P.A. to represent me in this action and to make decisions on my behalf concerning the litigation and settlement of my claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or any other potentially liable parties, and for this Consent Form to be filed in any such action(s).


Yolonda Berry
_____
Full Name (Print)


_____          10-13-16
Signature                                              Date

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

JODI FARRELL-CANIZARO
and KELLY SULLIVAN,
on behalf of themselves and others similarly situated,

        Plaintiffs,                              Case No.: CACE-16-017263 (25)
                                                 Hon. Carol-Lisa Philips

v.

BJ'S WHOLESALE CLUB, INC.,
a foreign profit corporation,

        Defendant.
_____/

## NOTICE OF FILING CONSENT TO JOIN
## OF OPT-IN PLAINTIFF MILEIDY BOBBINS

        Opt-in Plaintiff, MILEIDY BOBBINS, hereby serves notice of filing her Consent

to Join in this action.

**DATED:**        October 12, 2016              Respectfully filed,
                 Boca Raton, Florida

                                                BY:   s/Dion J. Cassata
                                                      Dion J. Cassata
                                                      Fla. Bar No. 672564
                                                      *dion@cassatalaw.com*

                                                CASSATA LAW, P.A.
                                                Boca Crown Centre
                                                7999 North Federal Highway, Suite 200
                                                Boca Raton, Florida 33487

                                                Telephone:      (954) 364-7803
                                                Facsimile:      (954) 251-4787

                                                *Counsel for Named Plaintiffs and the Collective*

1

## CONSENT TO JOIN LAWSUIT

1.      I consent to be a party-plaintiff in this civil action against BJ's Wholesale Club, Inc., which I understand is a lawsuit against the Defendant(s) to recover alleged unpaid overtime wages and other damages and relief available under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      I hereby designate the law firms of CASSATA LAW, P.A. to represent me in this action and to make decisions on my behalf concerning the litigation and settlement of my claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or any other potentially liable parties, and for this Consent Form to be filed in any such action(s).

_____Hileidy Bobbins_____
Full Name (Print)

_____          _____10/12/16_____
Signature                                          Date